## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

RICKEY LOFTON                                CIVIL ACTION NO. 09-1789-LC
                                             SECTION "P"
VSERSUS

                                             JUDGE MINALDI

MARK ESTES, ET AL                            MAGISTRATE JUDGE KAY


## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed on October 9, 2009 pursuant to  42 U.S.C.§1983 by plaintiff, Rickey Lofton.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana.

Plaintiff alleges his civil rights were violated while incarcerated at ACC and he names the following as defendants herein: ACC Wardens Terry Terrell, Mark Estes, Anthony Allemend, and Keith Cooley; ACC physician Barbara Hart; the ACC medical staff;   GEO corporation; and Allen Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff claims that a nurse at ACC gave him the wrong medication, which removed the color from his skin.  He further claims that the medical staff at ACC and defendant Hart laughed

1

at him.  Plaintiff states that many medications are administered at ACC but that they are crushed up and put into a cup before the staff enters the housing unit.  He claims that his heart is giving him problems due to a mistake in his medication, and that he is not on any medication nor has he been given medical treatment.  Plaintiff states that defendant Allemand told him that he would not get treatment or be allowed to go to a hospital.  He claims that it was also Allemand that went into his cell, got the medication that was given in error, and brought it to the captain's office.  Plaintiff claims that Allemand knew that the nurse that administered the medication was an alcoholic.

In a motion for an evidentiary hearing (Doc. 8), plaintiff further alleged that he was given and ingested four roach pellets instead of generic Ibuprofen.  He states that on August 5, 2009, he was taken to the infirmary for stomach problems but that Dr. Hart did not do anything for him.  However, he contends that Dr. Hart did give plaintiff medication and send him to "outside" doctors based on her finding that he had high blood pressure.

Plaintiff also complains because the wardens have placed him in a lock-down cell which prevents him from calling an attorney because he is only allowed to use the phone on Sunday morning.

Finally, plaintiff alleges that defendants Estes and Cooley have not handled his ARP's correctly.

As a result of the above actions, plaintiff seeks $6,600,000.00 in compensatory damages, transfer to another facility, to be taken to the hospital, and for pictures to be taken of him.

## LAW AND ANALYSIS

*1.     Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has provided a description of the theories which he claims entitles him to relief and he has recited facts supporting those theories.  Based upon plaintiff's pleadings, the court is convinced that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## 2.     *Medical Care Claims*

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur.  *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59.  "[T]he failure to alleviate a

significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. In this regard, complaints of negligence, neglect, unsuccessful treatment, or even medical malpractice do not give rise to constitutional claims. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993). See *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir.1982) (footnote omitted) ("Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment."). "Rather, the [prisoner] must show that the official [s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino,* at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

Further, the fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs.  See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v.  Lynaugh,* 920 F.2d

320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  Prisoners are not constitutionally entitled to the best medical care that money can buy.  *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*  Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado*, 920 F.2d at 321.  See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference.).  Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred.  *Mayweather, supra*.

In the instant case, the information contained in plaintiff's complaint is insufficient to establish that a constitutional violation has occurred.   Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison.  See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct.  1800 (1974).  The decision regarding plaintiff's treatment is best left to the prison officials.  The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs.  The evidence before the court simply does not support a finding of deliberate indifference. At the very most, plaintiff's allegations amount to claims of  negligence against the defendants.  As

previously stated, claims to recover damages resulting from the alleged negligence of defendants are not cognizable under §1983.  Such claims are redressed under the general tort provisions of Louisiana law as negligence claims.  See, Louisiana Civil Code Article 2315;  *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995); see also, *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Parratt v. Taylor*, 101 S.Ct. 1908, 1913-17 (1981); *Daniels v. Williams*, 106 S.Ct. 662, 664 (1986).   Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1).

3.      *Jail Placement*

Plaintiff claims that his constitutional rights have also been violated by ACC's placement of him in a lock-down cell.  Specifically, he states that based on his placement, he is prevented from calling an attorney as he is only allowed to use the phone on Sunday morning.

Plaintiff's claim on this point is without merit.  He has shown no harm as a result of not being moved, and he has no inherent constitutional right to be housed in any particular part of the jail. See *Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983).  Furthermore, in matters of prison administration, the Federal Courts exercise a "minimum intrusion policy."  *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir.1990).   The decisions of prison administrators are given wide discretion in the operation of prison facilities.

4.      *Grievances*

To the extent that plaintiff complains that these defendants did not respond to his grievances, plaintiff should be aware that such allegations do not implicate the constitution. More specifically, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance."  *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637, citing, *Flick v. Alba, et al,* 932 F.2d

7

728 (8th Cir. 1991).  The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally protected  right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances has no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution.  See *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that these defendants did not have a duty to take action with regard to plaintiff's grievances.  Consequently, any argument by plaintiff that the failure answer or properly respond to his grievances violates his constitutional rights, lacks an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under §1983**.**

### CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C.1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 28th day of December, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE